**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ROBERT ROPER,              :
                               :
        Plaintiff,        :
                               :
v.                            :      CIVIL ACTION NO.
                               :      1:11-CV-3412-RWS
BANK OF AMERICA, N.A.,    :
                               :
        Defendant.     :
                               :

## <u>ORDER</u>

This case comes before the Court on Defendant Bank of America, N.A.'s ("BOA") Motion to Dismiss [13] and Plaintiff's Motion for a Temporary Restraining Order ("TRO") [2]. After a review of the record, the Court enters the following order.

On September 2, 2011, Plaintiff Robert Roper, *pro se*, filed his Complaint in Cobb County Superior Court, seeking a TRO based on a "potential action for quiet title and wrongful foreclosure" of his property at 69 Vinings Lake Dr., Mableton, Georgia 30126. Dkt. No. [1] at 10. In support of his TRO request, Plaintiff blanketly asserts without factual support that he "was not served with notice pursuant to O.C.G.A. 44-14-162 et esq. [sic]," that

"Defendant is attempting to obtain ownership in the Subject Property and be unjustly enriched in its ownership sue [sic] to misrepresentation of title," "Defendant has performed RESPA violations," and that Plaintiff is "unsure as to whether the lender still possesses the original debt instrument" and "wants proof of that authority," i.e. he wants BOA to "produce the note." Id. at 10-11. Following those fact-less statements, Plaintiff then proceeds to list almost three pages worth of case citations without explaining how each citation would be relevant. Id. at 11-14.

When he initially filed his complaint, this action was styled against "A Parcel of Land Being Known as 69 Vinings Lake Drive Mableton Georgia 30126 and as Their Interests May Appear Bank of America." Id. at 10. As "Bank of America" does not exist, Plaintiff moved thirteen days later to join Bank of America, N.A. and McCalla Raymer, LLC. Id. at 15. BOA then removed the action to this Court, and this Court granted Plaintiff's motion to join insofar as it moved to substitute BOA for "Bank of America" but denied joining McCalla Raymer, LLC. Dkt. No. [12].

On November 7, 2011, BOA moved to dismiss Plaintiff's Complaint for failing to state a claim upon which relief may be granted. Dkt. No. [13]. The

2

Court will consider each claim in turn.

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at

AO 72A
(Rev.8/82)

1949).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949.  The court does not need to "accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555.

Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action. " <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 Fed. App'x 635, 637 (11th Cir. 2010).

**B. Wrongful Foreclosure**

Defendant argues that Plaintiff has failed to state a claim for wrongful foreclosure as a foreclosure sale has not yet occurred. In Georgia, a claim for attempted wrongful foreclosure only exists when a foreclosure action was commenced, but not completed, and where the plaintiff has demonstrated that the defendant "knowingly published an untrue and derogatory statement concerning the plaintiff['s] financial conditions and that damages were sustained as a direct result." <u>Sale City Peanut & Milling Co. v. Planters &</u>

4

Citizens Bank, 130 S.E.2d 518, 520 (1963). Here, Plaintiff has alleged that he only has a "potential action" for wrongful foreclosure because the sale has not yet occurred. See Cmpl., Dkt. No. [1] at 10. Further, he makes no allegations that defamatory statements were published about him. See id. at 10-14. Thus, Plaintiffs' claim for wrongful foreclosure is **DISMISSED**.

### C. Produce the Note

Defendant next moves to dismiss Plaintiff's claim to "produce the note." Plaintiff essentially alleges in his Complaint that Defendant does not have standing to foreclose upon the Security Deed because BOA was not in possession of the original Note. Id. at 10. Plaintiff thus requests this Court to order Defendant to provide proof of its authority to foreclose upon Plaintiff's property by submitting the Note for inspection. Id. at 10-11. Defendant moves to dismiss on the basis that Georgia law does not require a foreclosing party to prove its possession of the original Note. Defs.' Mot. to Dismiss, Dkt. No. [13] at 14-15.

The Court agrees that Plaintiff's "produce the note" theory is unavailing under Georgia law. Georgia law does not require a lender to produce the original promissory note, even when the lender is taking affirmative action such

5

as commencing foreclosure proceedings.  See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) ("[N]othing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note."); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note).  Accordingly, any and all claims arising out of Defendant's alleged failure to produce the Note fail as a matter of law.

### D. Unjust Enrichment and Fraud

Plaintiff next argues that "Defendant is attempting to obtain ownership in the Subject Property and be unjustly enriched in its ownership sue [sic] to misrepresentation of title." First, Plaintiff cannot bring a claim of unjust enrichment because his claim clearly arises out of a mortgage contract. See Simpson v. Countrywide Home Loans, No. 1:10-CV-224-CAM-ECS, 2010 WL 3190693, at * 7 (April 26, 2010 N.D. Ga.) ("In Georgia, unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract. Thus, where as here, Plaintiff's claim derives from a loan contract, unjust enrichment does not apply.") (internal quotations and citations omitted).

6

And, to the extent Plaintiff attempts to allege a claim for fraud through a "misrepresentation of title," that claim is dismissed as Plaintiff does not plausibly allege any facts to support a misrepresentation. See Parrish v. Jackson W. Jones, P.C., 629 S.E.2d 468, 471 (Ga. Ct. App. 2006) (stating that under Georgia law, Plaintiff must plead the following five elements: "(1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.").  Therefore, Plaintiff's claims for unjust enrichment and fraud are also **DISMISSED**.

### E. RESPA

Defendant next moves to dismiss Plaintiff's claim that "Defendant has performed RESPA violations." Dkt. No. [1] at 11. Plaintiff has not alleged one fact to explain how Defendant has violated RESPA, or pointed the Defendant to any provision of RESPA which might even apply. As Plaintiff has not plausibly alleged any violation of RESPA, and this Court is not required to take Plaintiff's legal conclusions as true, Plaintiff's RESPA claim is **DISMISSED**.

7

**F. Quiet Title**

Plaintiff additionally alleges that he has a "potential action for quiet title." First, it appears that Plaintiff is not actually bringing a claim for quiet title as he himself acknowledges through his use of "potential" that any quiet title claim is not ripe. <u>See</u> Dkt. No. [1] at 10. However, regardless, Plaintiff has not properly brought an action to quiet title. The Georgia Quiet Title Act, O.C.G.A. § 23-3-60 <u>et seq.</u>, provides specific procedural prerequisites to pleading a quiet title action:

> With the petition [to quiet title] there shall be filed (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(c) (2011); <u>see also</u> <u>GHG, Inc. v. Bryan</u>, 566 S.E.2d 662, 662 (Ga. 2002) ("A petition [to quiet title] is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-62.").

Here, Plaintiff has failed to properly plead a claim for quiet title relief under Georgia law because Plaintiff failed to attach to the Complaint a plat of

8

survey of the land, as required by the statute.  See Joseph v. CitiMortgage, No. 1:11-CV-2768-TWT, 2011 WL 5156817, at *2 (N.D. Ga. Oct. 27, 2011) (dismissing quiet title action for plaintiff's failure to file plat of survey of the land); Mann v. Blalock, 690 S.E.2d 375, 376 (Ga. 2010) (holding quiet title action legally defective for plaintiff's failure to file plat of survey).  Plaintiff's claim for quiet title thus fails as a matter of law.

**G. TRO**

As all of Plaintiff's substantive claims have been dismissed, Plaintiff's request for TRO [2] is thus **MOOT**.

**H. Conclusion**

As a result of the foregoing, Defendant BOA's Motion to Dismiss [13] is **GRANTED** and Plaintiff's TRO [2] is **DISMISSED, as MOOT**. The Clerk is directed to close this case.

**SO ORDERED**, this  4th  day of April, 2012.


**RICHARD W. STORY**
United States District Judge

9